UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES SABATINO,

    Petitioner,

v.                                      Case No. 5:06-cv-353-Oc-10GRJ

WARDEN, FCC COLEMAN, USP-I

    Respondent.
_____

## ORDER DENYING PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The Petition stems from a prison disciplinary proceeding against Petitioner that resulted in the loss of good conduct time (GCT) and disciplinary confinement. The Respondent filed a Response to the Petition (Doc.10), together with the administrative record of Petitioner's disciplinary case. Based on the Petition, the Respondent's response, and Petitioner's reply, the Court concludes that the Petition must be denied.[1]

## Background

The facts underlying the Petition may be summarized as follows. On November 7, 2005, Petitioner was charged in incident report number 1399720 with violations of inmate disciplinary code 201, fighting with another person, and code

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

104, possession of a weapon. Resp. Exh. 2. Corrections Officer J. Escobar made the following allegation in the report: "During the mainline move, I observe[d] [Petitioner] charge I/M [Curtis Horne] with a metallic object in his hand. I/M Horne then raised his cane and swung it one time at [Petitioner], which he broke over the head and shoulder area of [Petitioner]. I then activated my body alarm and called for assistance. At that point [Petitioner] began plunging the metallic object into I/M Horne's upper torso. I gave both inmates a direct order to stop fighting, put down the weapons, and get on the ground, they ignored the order and continued to fight. At this time responding staff arrived and assisted myself and Officer Velez to separate and restrain [Petitioner] and I/M Horne. Both I/M's were restrained without any further incident. Both weapons were recovered." Id. Petitioner was provided with a copy of the incident report on the same day. Id.

Lieutenant K. Rogers interviewed Petitioner and Horne on the day of the incident, and reported that both inmates admitted being involved in a fight. Id. Exh. 3. Senior Officer David Fields, who responded to C.O. Escobar's call for assistance, reported that he secured and placed hand restraints on Petitioner, and that Petitioner had a "sharp metal object attached to his right wrist with a lanyard." Id. Exh. 4. The incident was referred to the United States Attorney, but that office declined to prosecute Petitioner. On December 7, 2005, the Unit Discipline Committee (UDC) referred the charge to a Disciplinary Hearing Officer (DHO) for hearing. Petitioner stated to the UDC that he did not have a knife, but did have a pen, and that he

"defended myself." Id. Exh. 2.

Petitioner requested and received the assistance of a staff representative, Brian Ford. Id. According to the DHO report, Petitioner did not request any witnesses. The evidence adduced at the hearing included Petitioner's statement that he possessed a pen and not a knife, the incident report, the investigation memoranda of Officers Rogers and Fields, photos of the inmates and weapons, and the medical assessments of the inmates, which reflected that each had superficial abrasions following the incident. Id. Exh. 2, 6.

The DHO found Petitioner guilty of the charged offenses. As support for the finding, the DHO pointed to the written incident report prepared by Escobar as well as Petitioner's statement. The DHO stated that:

> The DHO bases this decision on the facts presented in the body of the written report. On November 7, 2005, at approximately 11:28 A.M., Officer Escobar observed you charge inmate Horne, #10337-050, with a metallic object in your hand. Inmate Horne then raised his cane and swung it one time at you. When he hit you over the head and shoulder the cane broke. Officer Escobar then activated his body alarm and called for assistance. At that point you began plunging the metallic object into inmate Horne's upper torso. You both were given direct orders to stop fighting, drop your weapons, and get on the ground. Both of you ignored all orders and continued to fight.
>
> You denied the charges to the DHO and stated, "I'm denying it. I had a pen, not a knife. I just defended myself."
>
> The DHO noted that you stated you were just defending yourself. However, the DHO gave the greater weight to the

> Officer's written statement that you were fighting with a weapon. You were actively engaged with the other inmate by charging him with a weapon in your hand and started the fight. Your actions indicate that you made a choice to fight. The officer is obligated to tell the truth and has nothing to gain by not being truthful. You on the other hand if found to have committed a prohibited act could receive disciplinary action. The DHO finds no evidence, nor have you presented any evidence that the staff member conspired to falsely accuse you of this misconduct.
>
> Therefore, based on photos, medical assessments, and the reporting staff member's eyewitness account, the DHO found you committed the prohibited acts of possession of a weapon, code 104, and fighting, code 201.

Id. Exh. 6. Petitioner was sanctioned with the loss of a total of 41 days of GCT and 60 days of disciplinary confinement. Id.

Petitioner's initial attempts to administratively appeal the case were rejected for procedural reasons, including failure to attach a copy of the DHO report, which had not been prepared at the time Petitioner pursued administrative remedies. See Id. Exh. 10 (Declaration of Caixa Santos). Petitioner was provided with the written DHO report in May 2006, and was advised that he had the right to appeal notwithstanding the delay in receiving the report. Id. Exh. 6. Petitioner filed a Regional administrative remedy appeal, which was denied. Petitioner did not pursue a Central Office administrative remedy appeal. Id. Exh. 10.

Petitioner argues that (1) his due process rights were violated in connection with the administrative remedy process due to the delay in receiving the DHO report; (2) the evidence, including medical evidence, does not support the DHO's finding of

4

guilt, the DHO should have reviewed video surveillance tapes, and he is innocent of the offenses; and (3) he was denied the right to present the testimony of Inmate Horne or letters written by Horne to Petitioner in which Horne states that Petitioner had a pen and Horne had a knife. Docs. 1 (Petition); 11 (reply to response).

Respondent argues that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies. Respondent argues in the alternative that Petitioner received all process due in connection with his disciplinary proceeding.

**Exhaustion of Administrative Remedies**

The responsibility for executing a federal sentence lies with the Attorney General of the United States, who has delegated such responsibility to the BOP.[2] The BOP has formulated an administrative remedy program through which federal inmates may challenge the BOP's disciplinary proceedings. 28 C.F.R. § 542.10, et seq. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's request is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For an inmate at the Federal Correctional Complex in Coleman, Florida, this appeal would be filed

---

[2] United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (citing United States v. Mitchell, 845 F.2d 951 (11th Cir. 1988); United States v. Mathis, 689 F.2d 1364 (11th Cir. 1982)).

with the Southeast Regional Office of the BOP in Atlanta, Georgia.) Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

Petitioner contends that he was thwarted from pursuing administrative remedies because his initial remedy requests were wrongfully rejected for failing to attach the final DHO report, which he had not yet received. Doc. 1. Respondent concedes that the regulations do not require an inmate to attach the report, but only to state the date of the DHO hearing and describe the charges. Doc. 10. Respondent contends that Petitioner did not provide the correct hearing date and did not "clearly articulate" the nature of the charges against him. Id. Petitioner asserts that he provided the information available to him, in light of the absence of the final report. See Doc. 11. Petitioner does not dispute that after he received the final DHO report, he did not pursue administrative remedy requests through the final (Central Office) level. Id. Nevertheless, because Respondent concedes that Petitioner was not required to attach the DHO report to his initial remedy requests, and the record in any event reflects that Petitioner is not entitled to relief on the merits of his claims, the Court will not dismiss the Petition for failure to exhaust administrative remedies.

To the extent that Petitioner argues that errors in the administrative remedy process provide a separate claim for relief in this case, Petitioner is incorrect. The scope of due process in the prison disciplinary context is defined in Wolff v.

McDonnell, 418 U.S. 539 (1974), and there is nothing in Wolff that requires administrative appellate review of a prison disciplinary proceeding.

**Standard of Review**

Prison disciplinary proceedings are not part of a criminal prosecution, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings. Wolff, 418 U.S. at 556 ("[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution[.]"). However, inmates are entitled to some due process protections. In addition to the requirements of notice and an opportunity to be heard prior to imposition of the loss of good time credits, disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent Mass. Corr. Inst. v. Hill, 472 U.S. 445, 447 (1985). In determining whether there is "some evidence" in the record to support the disciplinary decision, the federal courts do not engage in a de novo review of the evidence. Id. at 455.

**Discussion**

It is clear that Petitioner's disciplinary conviction was supported by at least some evidence. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Hill, 472 U.S. at 457. Thus, the

eyewitnesses reports prepared by C.O. Escobar and Senior Officer Fields, who observed a sharp metal object attached to Petitioner's wrist with a lanyard, provide sufficient evidence to support the Petitioner's conviction for fighting and possession of a weapon, notwithstanding the conflicts with the evidence proffered by Petitioner. See id. at 456 (prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process clause); Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986) (witnessing officer's violation report is "some evidence."). Petitioner contends that the medical evidence, showing that Horne sustained superficial abrasions, is inconsistent with the knife attack described by Officer Escobar, but this court will not conduct a de novo review of the evidence that was before the DHO.

As to his claim that he was denied the right to call witnesses or present letters written by Horne, Petitioner points to nothing in the disciplinary record that supports his assertion. The DHO's report reflects the opposite: that Petitioner declined to call witnesses or present any evidence beyond his own statement. See Doc. 10 Exh. 6. Respondent has also presented the declarations of DHO Carey and Petitioner's staff representative Brian Ford, who confirm that Petitioner did not request witnesses or identify any evidence that he wished to present. Id. Exh. 7,8. Petitioner's conclusional and self-serving assertions to the contrary are insufficient to establish that his due process rights were violated in connection with the hearing.

## Conclusion

For the foregoing reasons, the Petition is **DENIED with prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Ocala, Florida, this 28th day of September 2009.

*[signature]*

UNITED STATES DISTRICT JUDGE

c: James Sabatino
 Counsel of Record